IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**THEODORE CHAIRES,**

    Plaintiff,

vs.                                        Case No. 4:11cv167-MP/WCS

**STATE OF FLORIDA,**
**LARRY CAMPBELL,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. In a separate order entered this day, Plaintiff's *in forma pauperis* motion, doc. 2, has been granted. The complaint may now be reviewed as is required by 28 U.S.C. § 1915A.

    Plaintiff's complaint is deficient because he has failed to set forth each factual allegation in separately numbered paragraphs as is required by Federal Rule of Civil Procedure 10(b). Pursuant to Rule 10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances." Fed. R. Civ. P. 10(b). In its present form, the complaint

could not be appropriately responded to by the Defendants and Plaintiff provides no numbered paragraphs for his statement of facts.

Plaintiff's allegations are also deficient because he has not presented allegations that may be pursued in a civil rights action. Plaintiff alleges he was arrested and charged with two criminal offenses. Doc. 1. Plaintiff is detained in the Leon County Jail. *Id.* Plaintiff has been sentenced on the trespassing charge, but indicates that the charge for aggravated stalking is still pending. *Id.* Plaintiff states that he would "like his time applied towards his case and for" the state court to consider the fact that his wife had previously applied for an injunction and it was denied. *Id.*, at 5-6. In his request for relief, Plaintiff states that he wants the state "court to observe legal grounds for [Plaintiff] to receive [his] credit for time on the charge and to have the charge for" violating an injunction dropped and that he be released from confinement. *Id.*, at 7.

Plaintiff's claims must be pursued through a habeas petition and not a civil rights case. Plaintiff seeks release from his detention, he wants credit for time served, and to have criminal charges dropped. That relief may not be provided in a civil rights case. There are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement." Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also* Hill v. McDonough, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006)(holding that challenge to lethal injection procedures may be brought in § 1983 action). Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release . . . ." Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994). Where a litigant is not challenging the fact or duration of

confinement, but rather the conditions of that confinement, then civil rights is the proper avenue of relief.  See Porter v. Nussle, 122 S.Ct. 983, 989, 122 S.Ct. 983, 990, 152 L.Ed.2d 12 (2002), citing McCarthy v. Bronson, 500 U.S. 136, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991) and Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  It is clear that a prisoner may not seek to reduce a period of confinement through a civil rights action.  Preiser, 411 U.S. at 500, 93 S. Ct. at 1841; Heck, 114 S. Ct. at 2372.  "Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).  Accordingly, this case must be dismissed as no relief can be provided to Plaintiff.

Accordingly, it is **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 3, 2011.

       S/     William C. Sherrill, Jr.
      **WILLIAM C. SHERRILL, JR.**
      **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:11cv167-MP/WCS